IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00394-REB-CBS

MARSHA HARRIS,
DANIELLE HARRIS (by and through her Parents and Next Friends, Marsha Harris and Michael Harris) and
TAYLOR HARRIS (by and through her Parents and Next Friends, Marsha Harris and Michael Harris),

    Plaintiffs,

v.

AMERICAN FAMILY INSURANCE COMPANY, and
GUIDE ONE MUTUAL INSURANCE COMPANY,

    Defendants.

## ORDER CONCERNING MOTIONS FOR SUMMARY JUDGMENT

**Blackburn, J.**

    This matter is before me on the following motions: 1) **Defendant GuideOne's Motion for Partial Summary Judgment** [#19], filed May 10, 2007; 2) **Plaintiffs' Rule 56 Motion for Determination of Law Regarding Claims of Offset for Medical Payments for Plaintiffs' Contractually Paid Medical Benefits** [#21], filed May 14, 2007; and 3) **Plaintiffs' Motion for Partial Summary Judgment as to the Issue of Stacking** [# 29], filed June 5, 2007. Each of the motions has generated responses and replies from the relevant parties. I grant defendant GuideOne's motion for partial summary judgment [#19], I deny the plaintiff's motion regarding claims of offset [#21], and I grant the plaintiff's motion for summary judgment as to the issue of stacking [#28].

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

## II. STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary. **White v. York Int'l Corp.**, 45 F.3d 357, 360 (10th Cir. 1995). FED. R. CIV. P. 56 (c) provides that the court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see* **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 250 (1986); **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir.1994). Summary judgment may be granted if the court concludes that no "rational trier of fact" could find for the nonmoving party based on the showing made in the motion and response. **Matsushita Electric Industrial Co. v. Zenith Radio Corp.**, 475 U.S. 574, 587 (1986).

## III. FACTS

This case concerns the application of four different auto insurance policies to the claims resulting from one car accident. On April 6, 2003, the plaintiffs were injured in a car accident involving cars driven by Steven Pugsley and Kristopher Koch. Kristopher Koch was at fault. Plaintiffs Marsha, Danielle, and Taylor Harris were passengers in Pugsley's car, and they each were injured in the accident. Koch was insured through Farmers Insurance Company, and his bodily injury limits were 100,000 dollars per person and 300,000 dollars per accident. Pugsley was insured through American Family, and his

policy had underinsured motorist (UIM) limits of 100,000 dollars per person and 300,000 dollars per accident (the Pugsley American Family policy). The Harrises carried UIM coverage under a commercial auto policy issued by American Family (the Harris American Family policy). The Harrises have settled their claims under the Harris American Family policy. Danielle Harris settled for 40,000 dollars, Marsha Harris settled for 40,000 dollars, and Taylor Harris settled for 35, 000 dollars. In addition, the Harrises carried UIM insurance through GuideOne[1] under a policy that carried UIM limits of 100,000 dollars per person and 300,000 dollars per accident. In this suit, the Harrises seek to recover UIM benefits from American Family and GuideOne.

### IV. GUIDEONE'S MOTION FOR PARTIAL SUMMARY JUDGMENT & PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: STACKING

In its motion for partial summary judgment [#19], GuideOne asks the court to determine certain issues of law regarding the primacy and set-off obligations of the various UIM coverages involved in this dispute. Specifically, GuideOne asks that I make the following determinations of law:

1. That the American Family policy issued to Steven Pugsley, the owner of the car in which the Harrises were riding, is the primary UIM coverage;

2. That GuideOne's policy issued to the Harris family is excess UIM coverage; and

3. That American Family, as the primary carrier on the Pugsley policy, is entitled to a set-off against its UIM limits for the payments made by the liability carrier for the at fault

---

[1] Defendant GuideOne Mutual Insurance Company refers to itself in some of the briefing as "GuideOne" and in other briefing as "Guide One." I will use "GuideOne."

driver, Koch, but is not entitled to any set off for payments made by American Family under the Harris American Family policy.

The plaintiffs' motion for partial summary judgment re: stacking [#29], raises a closely related issue. The plaintiffs ask that I determine as a matter of law that the Pugsely American Family policy and the GuideOne policy stack, under §10-4-609, C.R.S., for the purpose of determining the amount of UIM coverage available to each of the plaintiffs. The plaintiffs argue that the issue of stacking must be resolved before the court can determine which policy is primary and which policy is excess.

Taking the second issue first, GuideOne agrees with the plaintiff that the Pugsley American Family policy, the Harris American Family policy, and the GuideOne policy stack under §10-4-609, C.R.S. *See GuideOne's motion for summary judgment* [#20]; *GuideOne's response to plaintiff's motion for partial summary judgment* [#38]. Stacking means that the coverage limits under the applicable UIM policies can be added together to determine the total amount of coverage. I agree that the UIM coverages stack under §10-4-609, C.R.S. The total coverage available to each of the Harrises under the stacked policies also is not in dispute. *Plaintiffs' amended response to GudeOne's motion for summary judgment* [#30], p. 8; *GuideOne's reply* [#34], p. 2.

With the issue of stacking resolved, I turn to GuideOne's motion for summary judgment. The plaintiffs' have not expressed a position on GuideOne's argument that the Pugsley American Family policy provides primary UIM coverage, and the GuideOne policy provides excess UIM coverage, except that the plaintiffs assert that the primacy of any policy should not be determined until the issue of stacking is resolved. Having considered the terms of the relevant policies, as outlined by GuideOne in its motion, I conclude that

4

the Pugsley American Family policy provides the primary UIM coverage applicable to the accident at issue in this case. The consequence of this determination is, as GuideOne asserts, that the excess UIM coverage provided by the GuideOne policy is triggered only if the UIM limits of the Pugsley American Family policy are exhausted, and if the plaintiffs' claims for damages have not been fully compensated by prior payment.

GuideOne's final request in its motion for summary judgment also is not contested by the plaintiffs. Again, GuideOne seeks a determination that American Family, as the primary carrier on the Pugsley policy, is entitled to a set-off against its UIM limits for the payments made by the liability carrier for the at fault driver, Koch, but is not entitled to any set off on the American Family Pugsley policy for payments made by American Family under the Harris American Family policy. These contentions are uncontested by the plaintiffs, and are correct as a matter of law.

## V. PLAINTIFFS' MOTION RE: OFFSET FOR MEDICAL PAYMENTS

The plaintiffs' motion for a determination of law concerning claims of offset for medical payments for plaintiffs' contractually paid medical benefits [#21] presents a different issue. The plaintiffs each have recovered certain medical expenses they incurred as a result of the accident from the personal injury protection coverage provided by the Pugsley policy. In their motion, the plaintiffs seek a determination from me that certain of those medical expenses also can be recovered as part of the UIM coverage at issue in this case. I conclude that the plaintiffs are not entitled to recover these medical expenses as part of the UIM coverage at issue here.

In §13-21-111.6, C.R.S., Colorado has enacted a modified version of the common law collateral source rule. This statute provides:

5

> In any action by any person or his legal representative to recover damages for a tort resulting in death or injury to person or property, the court, after the finder of fact has returned its verdict stating the amount of damages to be awarded, shall reduce the amount of the verdict by the amount by which such person, his estate, or his personal representative has been or will be wholly or partially indemnified or compensated for his loss by any other person, corporation, insurance company, or fund in relation to the injury, damage, or death sustained; **except that the verdict shall not be reduced by the amount by which such person, his estate, or his personal representative has been or will be wholly or partially indemnified or compensated by a benefit paid as a result of a contract entered into and paid for by or on behalf of such person.** The court shall enter judgment on such reduced amount.

§13-21-111.6, C.R.S. (emphasis added). The language highlighted above often is referred to as the "contract exception" to the collateral source rule. Under this exception, an award of damages may not be reduced or offset by amounts paid under an insurance policy that covers the loss at issue on behalf of the injured party.

The accident in which the plaintiffs were injured occurred while the Colorado Auto Accident Reparations Act, often known as the No-Fault Act, was in effect. Part 7 of article 4 of title 10, C.R.S. (Repealed by Laws 1997, H.B.97-1209, § 8, eff. July 1, 2003) (CAARA). Under the CAARA, a car owner's insurance policy provided certain personal injury protection benefits (PIP benefits) that were payable to anyone injured in the car, regardless of who was at fault in causing the accident. This is the so-called "no-fault" aspect of the CAARA.

The CAARA included an exception to the contract exception of §13-21-111.6, C.R.S., outlined above. The CAARA provided:

> Neither any person eligible for direct benefits described in section 10-4-706(1)(b) to (1)(e) . . .nor any insurer providing benefits described in section 10-4-706(1)(b) to (1)(e) . . . shall have any right to recover against an owner, user, or operator of a motor vehicle or against any person or organization legally responsible for the acts or omissions of such person in any action for

6

damages for benefits required to be paid under section 10-4-706 (1)(b) to (1)(e) . . .

§10-4-713, C.R.S. (Repealed by Laws 1997, H.B.97-1209, § 8, eff. July 1, 2003). This provision overrode the provisions of §13-21-111.6, C.R.S., for the purposes of the CAARA, and prohibited the recovery from a tortfeasor, or other responsible party, any amounts that had been covered by applicable PIP coverage. ***Martinez v. Shapland***, 833 P.2d 837, 841 (Colo. App. 1992). If §10-4-713, C.R.S. is applicable here, then the plaintiffs cannot recover from Koch, the tortfeasor who caused the accident, any amounts that PIP coverage has paid on behalf of the plaintiffs. UIM coverage would cover any amounts for which Koch is liable, but for which Koch is not covered by adequate insurance. Koch's inadequate coverage is what makes him an underinsured motorist, thus triggering the UIM coverage at issue here. Thus, UIM coverage is viewed as recovery from Koch.

On July 1, 2003, the CAARA was repealed, including §10-4-713, C.R.S. The plaintiffs incurred medical expenses related to the accident after July 1, 2003, and those expenses have been paid under the applicable PIP insurance benefits. The plaintiffs argue that the repeal of §10-4-713, C.R.S., as of July 1, 2003, means that their post-July 1, 2003, medical expenses, which have been paid under the applicable PIP coverage, also can be recovered from the applicable UIM coverage. I disagree.

Generally, legislation is presumed to be prospective in effect absent a clear legislative intent to the contrary. ***Coffman v. State Farm Automobile Insurance Co.***, 884 P.2d 275, 279 (Colo. 1994). Article II, §11 of the Colorado Constitution provides:

> No ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation . . . shall be passed by the general assembly.

7

A law violates this constitutional provision if it

> (1) takes away or impairs vested rights acquired under existing laws, (2) creates a new obligation, (3) imposes a new duty, or (4) attaches a new disability with respect to transactions or considerations already past.

*American Compensation Insurance Co. v. McBride*, 107 P.3d 973, 977 - 978 (Colo. App. 2004), *cert. denied* (2005).

If the law repealing the CAARA were to be applied as the plaintiffs suggest, then that law would violate Article II, §11 of the Colorado Constitution. The plaintiffs' interpretation would permit that law to 1) take away or impair vested rights acquired under existing laws; 2) create a new obligation, 3) impose a new duty, <u>and</u> 4) attach a new disability with respect to transactions or considerations already past when the repeal legislation was adopted. There is no indication that the legislature intended for the CAARA repeal legislation to have such a retroactive effect and, even if the legislature had such an intent, the repeal legislation would be unconstitutional to the extent it had the retroactive effect the plaintiffs propose. I note that if the plaintiffs' approach were applied to its logical conclusion, then the plaintiffs might not be entitled to PIP coverage after the CAARA provisions mandating that coverage were repealed. The plaintiffs' coverage arises from insurance policies created under and controlled by the CAARA, and the plaintiffs are bound by the law applicable to such policies.

## VI. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant GuideOne's Motion for Partial Summary Judgment** [#19], filed May 10, 2007, is **GRANTED**;

2. That the **Plaintiffs' Motion for Partial Summary Judgment as to the Issue of Stacking** [# 28], filed June 5, 2007, is **GRANTED**;

3. That the court determines as a matter of law that the Pugsley American Family policy, the Harris American Family policy, and the GuideOne policy are subject to stacking under §10-4-609, C.R.S.;

4. That the court determines as a matter of law that the American Family policy issued to Steven Pugsley is the primary UIM coverage, as that coverage is applicable to the plaintiffs' claims for UIM coverage;

5. That the court determines as a matter of law that GuideOne's policy issued to the Harris family is excess UIM coverage, as that coverage is applicable to the plaintiffs' claims for UIM coverage;

6. That the court determines as a matter of law that American Family, as the primary carrier on the Pugsley American Family policy, is entitled to a set-off against its UIM limits for the payments made by the liability carrier for the at fault driver, Koch, but is not entitled to any set off for payments made by American Family under the Harris American Family policy; and

7. That the **Plaintiffs' Rule 56 Motion for Determination of Law Regarding Claims of Offset for Medical Payments for Plaintiffs' Contractually Paid Medical Benefits** [#21], filed May 14, 2007, is **DENIED**.

Dated March 21, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**